**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   02/22/2012
```

-----------------------------------X

UNITED STATES OF AMERICA,     :

                                :     09 Cr. 525-01 (JFK)

    -against-             :

                                :     **MEMORANDUM OPINION**

HAROLD LOPEZ,             :         **AND ORDER**

                                :

                  Defendant.   :

-----------------------------------X

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is defendant Harold Lopez's ("Lopez") request for an extension of time to file a notice of appeal pursuant to Rule 4(b)(4). Because the Government does not object to the request, and for the reasons stated below, the request is granted.

## I. Background

    Lopez is currently imprisoned at the Metropolitan Detention Center Brooklyn ("MDC Brooklyn"), but expects to be transferred to another facility in the near future. On October 1, 2010, Lopez pleaded guilty to a charge of conspiracy to violate the narcotics laws of the United States. Lopez appeared before the Court, with his counsel Paul J. McAllister, Esq., for sentencing on December 20, 2011. At that time the Court sentenced Lopez to a 144-month term of imprisonment, followed by a five-year period of Supervised Release. The Court entered a criminal judgment reflecting that sentence on December 21, 2011.

Lopez claims that in two letters dated December 21 and 26, 2011, he directed his appointed counsel, Mr. McAllister, to file a notice of appeal on his behalf. Apparently, Mr. McAllister did not receive these letters, and the fourteen-day period within which defendants are permitted to file an appeal without leave of the Court ended on January 4, 2012. Mr. McAllister took no action to file a notice of appeal prior to January 4.

According to Lopez, he again attempted to contact Mr. McAllister on January 9, and thereafter asked a friend, Conchita Brathwaite, to contact Mr. McAllister about his desire to file a notice of appeal. In two e-mails, dated January 17 and 20, Mr. McAllister informed Ms. Brathwaite that he had not received Lopez's earlier communications, and stated that the fourteen-day period in which a defendant must file a notice of appeal had expired.

Lopez sent a letter (dated January 31 and postmarked February 3) to the Court, requesting that he be granted permission to file a notice of appeal beyond the 14-day deadline. In the letter, Lopez indicates that he unsuccessfully attempted to contact Mr. McAllister several times between December 21, 2011, and January 9, 2012. He further explains that because he is awaiting a transfer, he does not have access to any of his personal documents, which he suggests support his claim that he made efforts to direct his attorney to file a

notice of appeal.  The Court received Lopez's letter from the
Clerk of Court on February 9, 2012.

The Federal Rules of Appellate Procedure permit district
courts to extend the time period for filing a notice of appeal
for thirty days after the expiration of the normal 14-day
period.  Therefore, under the Appellate Rules, the latest point
in time at which Lopez could file a request for an extension of
the deadline was February 3, 2012.

Because the Court does not ordinarily accept communications
with parties who are represented by counsel, when the letter
from Mr. Lopez was received in Chambers, the Court's staff
contacted Mr. McAllister and forwarded a copy of Mr. Lopez's
letter to him by fax.  The next day, Mr. McAllister sent a brief
letter to the Court, in which he renewed his client's request
for an extension of the time to file his notice of appeal and
asserted that he had not received Lopez's prior communications.
Mr. McAllister included a proposed notice of appeal with his
letter.

## II.  Discussion

### A.  Legal Standard

The Federal Rules of Appellate Procedure (the "Appellate
Rules") govern the initiation of an appeal from a judgment of a
federal district court.  A party's failure to adhere to the time
limits set forth in the Appellate Rules "is a jurisdictional

defect that necessitates dismissal of the appeal without reaching its merits." United States v. Batista, 22 F.3d 492, 493 (2d Cir. 1994) (citing United States v. Ferraro, 992 F.2d 10, 11 (2d Cir. 1993)).

In order to initiate a timely appeal from a criminal judgment entered by a federal district court, "a defendant's notice of appeal must be filed in the district court [that entered the criminal judgment] within 14 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(A).  However, under Appellate Rule 4(b)(4), a "district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)," provided that the court makes "a finding of excusable neglect or good cause." Fed. R. App. P. 4(b)(4).  "[W]here a criminal defendant files a notice of appeal after the [fourteen] day deadline of [Appellate] Rule 4(b), but before the additional thirty day period for requesting extensions has expired, the district court should treat the notice as a request for an extension." Batista, 22 F.3d at 493.

Finally, Appellate Rule 4 requires district courts to determine the time of a filing by an incarcerated defendant with

reference to the receipt of the notice of appeal by the authorities of the institution housing that defendant. Fed. R. App. P. 4(c)(1).

**B.   Application**

Under Appellate Rule 4(c)(1), Lopez's request for an extension of time to file his notice of appeal is deemed filed within the thirty-day period after January 4 because it was post-marked on February 3, the final day of that thirty-day period.  The postmark clearly indicates that this letter was received by prison officials on or before the last day of the deadline.

In order to grant a request for an extension of time to file a notice of appeal under Appellate Rule 4(b), a district court must find that the timely filing of a notice of appeal was prevented by excusable neglect or that there is good cause to permit filing after the fourteen-day period.  Assuming Lopez's factual contentions to be true because they are plausible and uncontested by the Government, the failure of his counsel to file a notice of appeal resulted from delays in the mail delivery system, and not from a willing abandonment of Lopez's ability to appeal.  Therefore, the Court finds that the failure to file within the fourteen-day period allowed under Appellate Rule 4(b)(1) resulted from "excusable neglect," within the meaning of Appellate Rule 4(b)(4).

### III.  Conclusion

Defendant's request for an extension of time to file a notice of appeal is granted <u>nunc pro tunc</u> pursuant to Appellate Rule 4(b)(4).  The Clerk of Court is directed to file separately the proposed Notice of Appeal submitted by the defendant's counsel.

**SO ORDERED.**

Dated:    New York, New York
          February 22, 2012

_____
JOHN F. KEENAN
United States District Judge